CHARLES JOHNSON ET AL., APPELLANTS, V. WILL FORREST
JOHNSON ET AL., APPELLEES.

FILED JULY 8, 1918.    No. 20121.

Deeds: UNDUE INFLUENCE: SUFFICIENCY OF EVIDENCE.    Evidence found
to support the judgment of the trial court.

APPEAL from the district court for Clay county:
ERNEST B. PERRY, JUDGE. *Affirmed.*

*H. G. Wellensiek* and *P. E. Boslaugh,* for appellants.

*A. C. Epperson, contra.*

MORRISSEY, C. J.

This is a suit in equity to cancel a contract by which
plaintiffs, their brother and sisters conveyed a life estate
to their father, Will Forrest Johnson, in a farm in Clay
county. There was a decree in favor of defendants, and
plaintiffs have appealed.

The land was owned by plaintiffs, their brother,
Howard W. Johnson, and their sisters, Alida Mae
Johnson and Agnes Johnson subject to a life estate held
by defendant Will Forrest Johnson in an undivided half
interest in 80 acres referred to as school land.

Plaintiffs' mother, through whom the land was in-
herited, was dead. The father had married a second time
and was living on the property with his second wife.
There had been considerable litigation between the father
and his first wife's parents; but, after this litigation was
settled, the children and the father met at the county
seat and this contract was made. It provided that the
father should have the use of the land during his life-
time, and, in consideration therefor, he should make cer-
tain payments that were still due on the school land; he
should build a barn on the premises, pay all taxes, main-
tain the improvements in good repair, and agreed, "as a
part of the consideration for this contract, that he will

devise or otherwise convey to those of the first parties, who are his children, or to their heirs, all of the property of which he may die seised, subject to the marital rights of his wife, and subject also to his privilege of devising or otherwise conveying to his wife a life estate in his property, both real and personal, of which he may die seised, it being understood that the above described real estate reverts to those of the first parties who are the children of the second party, immediately upon his death, to said children and their heirs.''

Plaintiffs contend that they were induced to execute the agreement because of duress, undue influence, and misrepresentation on the part of the father, and that they should be relieved from the contract because the father and his counsel, who prepared the contract, exercised such dominion over them that they did not freely and voluntarily enter into the agreement. When the contract was made, plaintiffs were 25 and 23 years of age, respectively. We may assume that plaintiffs were governed to some extent by the natural desire of the child to be generous to its parents, but there is no proof of undue influence, and their brothers and sisters deny the existence of such influence, and affirm their part of the contract. The contract, in its present form, was not drawn until about the time of its execution, but the parties had been considering some such contract for several months. The plaintiffs were married, and their wives were interested parties; it was their duty to consult their wives, and we may assume they did so, because the wives joined in making the contract.

Nor is the contract unilateral. In addition to the permanent improvements defendant agreed to place on the premises, and the payment of the taxes, interest, and charges against the property, which he bound himself to pay, he also bound himself as part of the consideration to devise to these children all of the property of which he might die seised, subject only to such interest therein as his wife might take under the statute, and his right to

leave her a life estate only in the property. This provision of the contract may be advantageous to the children, and it is entirely probable that it was one of the considerations which induced plaintiffs and their wives to join in making the contract.

The district court properly found: "The plaintiffs have failed to establish that this contract was obtained either through fraudulent representations or undue influence."

The judgment is

AFFIRMED.

LETTON and HAMER, JJ., not sitting.